# IN THE COURT OF APPEALS OF IOWA

No. 21-0443
Filed March 8, 2023

**LINN AREA CREDIT UNION,**
    Plaintiff-Appellee,

**vs.**

**LAURIE S. BURNSIDE,**
    Defendant-Appellant,

**and**

**MIDLAND FUNDING LLC, COUNTRY CLUB LAWN CARE LLC, and CONVERGENCE ACQUISITIONS, LLC,**
    Defendants.
_____

    Appeal from the Iowa District Court for Linn County, Lars Anderson, Judge.


    Laurie Burnside appeals the grant of summary judgment to Linn Area Credit Union in a foreclosure action. **AFFIRMED.**


    Anne K. Wilson of Viner Law Firm, PC, Cedar Rapids, for appellant.

    Laura M. Hyer of Bradley & Riley PC, Cedar Rapids, for appellee.


    Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

This dispute arose from a foreclosure proceeding between the Linn Area Credit Union (LACU) and Laurie S. Burnside. Burnside mortgaged her property but failed to make regular payments as required by her agreement with LACU. In response, LACU filed this foreclosure action, followed by an application for entry of default judgment, a motion for summary judgment, and a request for a decree of foreclosure without redemption against Burnside. The court granted summary judgment to LACU. Burnside appeals, arguing the district court erred in finding that she did not establish a genuine disputed issue of material fact. We affirm.

## I. Background Facts and Proceedings

Burnside made, executed, and delivered an adjustable-rate note to LACU, a Cedar Rapids credit union. In return, LACU loaned Burnside $52,700.00 at an interest rate of 5% per annum. To secure the indebtedness from the note, Burnside executed and delivered a mortgage on her property in Marion to LACU.

The terms of the note and the mortgage required Burnside to make monthly payments to repay her debt. The note also provided that if any payment were late, then the note and mortgage would be in default. Burnside would then have thirty days to cure the default after notice was mailed. If the default was not cured, then all outstanding unpaid amounts owed would become immediately due, without further demand or notice, at LACU's option.

Burnside fell behind on her payments, and LACU eventually sent her notice of default. Burnside did not cure the default, and LACU sent Burnside a notice of acceleration of the debt, requesting the total amount due be paid. Burnside did

not pay after this notice, and LACU petitioned in equity to foreclose the mortgage without redemption.

LACU filed an application for default judgment in its favor, a motion for summary judgment, and a request for a decree of foreclosure without redemption. Burnside resisted, arguing that LACU needed to have face-to-face meetings with her, that the total amount owed to LACU was incorrect, and that LACU had refused to compromise with her.

The district court granted summary judgment for LACU, enabling LACU to foreclose on the property. Burnside appeals.

## II.       Standard of Review

We review a summary judgment ruling for corrections of errors at law. *See Susie v. Fam. Health Care of Siouxland, PLC.*, 942 N.W.2d 333, 336 (Iowa 2020). Summary judgment is appropriate when no disputed issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See id.* In assessing whether a genuine issue of material fact exists, we view the facts in the light most favorable to the nonmoving party. *See Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022).

## III.      Discussion

Burnside points to three facts that she claims are material and genuinely disputed. We find none of these precluded summary judgment.

First, Burnside argues she created a genuine dispute of material fact as to whether LACU made reasonable efforts to engage in face-to-face meetings under 24 C.F.R. § 203.604(b) (2020). Burnside recognizes this regulation only applies to mortgages insured by the federal Department of Housing and Urban

Development (HUD), but she contends that her mortgage and LACU's notice of default both show that the mortgage is insured by HUD. LACU asserts that the regulation does not apply to it, as Burnside's loan is not insured by HUD.

In pertinent part, the federal rule requires that a "mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b). However, LACU is correct that this requirement only applies to loans insured by HUD. *See id.* § 203.500 ("This subpart identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD."). Burnside is unable to point to any specific portion of the mortgage, notice of default, or other paper that supports her argument that the mortgage is insured by HUD. Without any evidence, Burnside has not created a genuine issue of material fact. *Hoefer v. Wis. Educ. Ass'n Ins. Tr.*, 470 N.W.2d 336, 338 (Iowa 1991) ("[T]here is no genuine issue of [material] fact if there is no evidence.").

Second, Burnside argues that LACU's failure to mediate, and her attempts to reach a compromise with LACU, bar summary judgment. We disagree. Burnside provides no evidence surrounding these allegations, showing no genuine issue of material fact exists. *See Hoefer*, 470 N.W.2d at 338.

Third, Burnside argues she raised an issue of material fact in disputing LACU's abstract costs, which the district court determined to be $400. Although not entirely clear from her papers in the district court or on appeal, it appears Burnside speculates this was an anticipatory cost, rather than a cost actually

incurred.  But "[s]peculation is insufficient to create a genuine issue of material fact."  *Cemen Tech, Inc. v. Three D Indus., L.L.C.*, 753 N.W.2d 1, 5 (Iowa 2008).

### IV.    Conclusion

Burnside has not shown any genuine dispute of material fact, and the district court did not err in granting summary judgment to LACU.

**AFFIRMED.**